UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DAYTON VETERANS RESIDENCES LIMITED PARTNERSHIP, d/b/a FREEDOM'S PATH AT DAYTON, | Case No. 3:16-cv-466 |
| Plaintiff, | Judge Thomas M. Rose |
| v. | |
| DAYTON METROPOLITAN HOUSING AUTHORITY, | |
| Defendant. | |

**ENTRY AND ORDER DENYING MOTION FOR NON-JURY TRIAL (DOC. NO. 120)**

Before the Court is Defendant Dayton Metropolitan Housing Authority's ("DMHA") Motion for Non-Jury Trial ("Motion"). (Doc. No. 120.) In the Motion, DMHA seeks to withdraw its jury demand and argues that Plaintiff Dayton Veterans Residences Limited Partnership, d/b/a Freedom's Path at Dayton ("Freedom's Path") is not entitled to a jury under either the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, or the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. (*Id.*) For the reasons explained below, the Court **DENIES** the Motion.

**I. BACKGROUND**

This case involves Freedom's Path's efforts to create affordable housing for homeless veterans on the Veteran's Administration Medical Campus ("VAMC") in Dayton, Ohio.[1] (Doc. No. 65 at PageID 2106.) Freedom's Path sought the assistance of DMHA in obtaining project-based housing vouchers for its housing project. Freedom's Path alleges that DMHA reneged on a

---

[1] For a complete recitation of the facts of this case prior orders in this case ably describe the evidence in this case. (*See, e.g.*, Doc. No. 65 at PageID 2106-24.)

1

2013 commitment of 33 housing vouchers for the project. Freedom's Path further alleges that DMHA denied requests for reasonable accommodation regarding the commitment of 33 vouchers, which was later changed to a request of 60 vouchers, despite knowing the housing project was intended for homeless veterans, many of whom are disabled.

On November 11, 2016, Freedom's Path filed its initial Complaint in this Court, asserting claims under the ADA and FHA. (Doc. No. 1.) Freedom's Path filed an Amended Complaint on January 30, 2017. (Doc. No. 6.) The Amended Complaint seeks declartory relief, injuctive relief, and damages, among other requests. (Doc. No. 6 at PageID 60.) However, neither version of the complaint made a jury demand. DMHA filed its Answer on August 31, 2017 and demanded a jury. (Doc. No. 18.)

Over four-and-a-half years later, May 3, 2022, DMHA filed the Motion. (Doc. No. 120.) Freedom's Path filed its response on May 10, 2022. (Doc. No. 124.) DMHA did not file a reply. The Motion is ripe for review and decision.

II.     **ANALYSIS**

DMHA seeks to withdraw its jury demand pursuant to Fed. R. Civ. P. 39(a)(2) because, "[d]ue to the nature of the claims and the relief requested, it is no longer appropriate to try this matter to a jury." (Doc. No. 120 at PageID 2958.) DMHA further argues that "the statutory scheme and case law make clear, the nature of the damages being sought in this manner are to be determined by the court." (*Id*. at PageID 2960.) In response, Freedom's Path argues that Rule 38(d) only permits a jury demand to be withdrawn with the consent of all parties. (Doc. No. 124 at PageID 3009.) Freedom's Path further argues that a claim under the FHA is an action to enforce legal rights, which entitles it to a jury under the Seventh Amendment. (*Id*. at PageID 3010.)

   A.   **Jury Demand**

The Seventh Amendment of the United States Constitution provides that "[i]n Suits at

2

common law, . . . the right of trial by jury shall be preserved." U.S. CONST. amend. VII. Federal Rule of Civil Procedure 38 addresses the right to a jury trial and how to demand a jury trial, as well as waiver of the right and withdrawal of the demand. Rule 39 addresses what happens when a jury trial is demanded or when no demand is made.

Pursuant to Rule 38(b)(1): "On any issue triable of right by jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. . . ." Rule 38(d) further provides: "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." However, under Rule 39(a)(2): "The trial on all issues so demanded must be by jury unless. . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Freedom's Path has not consented to the withdrawal of the jury demand. [2] Therefore, the jury demand stands. Fed. R. Civ. P. 38(d). Next, the Court must determine whether "there is no federal right to a jury trial" on some or all of the issues. Fed. R. Civ. P. 39(a)(2).

The Supreme Court instructs that, in the Seventh Amendment, "the phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered,'" and it further instructs that the right to a jury in such suits "extends to causes of action created by Congress." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990) (quoting *Parsons v. Bedford,*

---

[2] DMHA states on two occasions that Freedom's Path never asserted a jury demand. (Doc. No. 120 at PageID 2958, 2960.) This point lacks relevance. Under Rule 38(d), a party may not withdraw its demand without the consent of the opposing party; it makes no difference under the rule that the defendant demanded the jury instead of the plaintiff. *Cram v. Sun Ins. Office, Ltd.*, 375 F.3d 670, 675 (4th Cir. 1967); *Dell'orfano v. Romano*, 962 F.2d 199, 202 (2d Cir. 1992); *Concordia Co. v. Panek*, 115 F.3d 67, 69-70 (1st Cir. 1997); *Saldivar v. Cadena*, 622 F. Supp. 949, 962 (W.D. Wis. 1985).

*Breedlove & Robeson*, 28 U.S. 433, 447, 7 L. Ed. 732 (1830)). To determine whether an action is one that triggers the right to a jury, courts "examine both the nature of the issues involved and the remedy sought," with the remedy being "the more important in [the] analysis." *Id*. at 565.

It is well-settled law that there is no right to a jury trial in suits seeking only equitable relief. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709-11, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (citing *Parsons*, 28 U.S. at 447). However, the Supreme Court has also held that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S. Ct. 1005, 39 L. Ed. 2d 260 (1974). The Supreme Court has recognized "the 'general rule' that monetary relief is legal." *City of Monterey*, 526 U.S. at 710. Moreover, "money damages . . . are the type of relief traditionally awarded by courts of law," but "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable." *Teamsters*, 494 U.S. at 571, 573 (quoting *Tull v. United States*, 481 U.S. 412, 424, 107 S. Ct. 1831, 95 L. Ed. 2d 365 (1987)).

Moreover, numerous courts have held that a plaintiff who has sought damages on their discrimination claim under the FHA is entitled to a jury trial. *Curtis*, 415 U.S. at 195; *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 426 (2d Cir. 1995); *Homebuilders Ass'n of Miss., Inc. v. City of Brandon*, 640 F. Supp. 2d 835, 839-40 (S.D. Miss. 2009). The same holds true for claims under the ADA. *Lacy v. Cook Cty.*, 897 F.3d 847, 858 (7th Cir. 2018) (citing *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 354 (7th Cir. 1987) (quoting *Curtis*, 415 U.S. at 196 n.11)).

Where both legal and equitable claims, sharing common questions of fact, are tried during the same jury trial, "the jury determines liability on the legal claims while the Court decides the equitable claims." *Hannibal Dev., LLC v. Lackawanna Transp. Co.*, No. 2:18-cv-1265, 2021 U.S.

Dist. LEXIS 35131, at *5, 2021 WL 732406 (S.D. Ohio Feb. 25, 2021) (citing *Nat'l Union Elec. Corp. v. Wilson*, 434 F.2d 986, 988 (6th Cir. 1970)). Moreover, "'when a party has a right to a jury trial on an issue involved in a legal claim, the judge is . . . bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.'" *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1014 (6th Cir. 1987) (quoting *Lincoln v. Bd. of Regents*, 697 F.2d 928, 934 (11th Cir.)).

> In its Amended Complaint Freedom's Path seeks multiple types of relief, including:
>
> A. Find and declare that Defendant's conduct and its refusal to grant Plaintiff's reasonable accommodation request violate the ADA and FHA.
> B. Issue a preliminary and permanent injunction enjoining GDPM from continuing to violate the ADA and FHA.
> C. Order the GDPM to, promptly and without delay, apply for VASH PBRA on behalf of Freedom's Path or, alternatively, grant Plaintiff a reasonable accommodation.
> D. Award Plaintiff damages for the harm it experienced as a result of GDPM's discriminatory and dilatory practices.
> E. Award Plaintiff reasonable attorney fees and costs.
> F. Award such other relief as this Court may deem appropriate.

(Doc. No. 6 at PageID 60.) Indeed, the relief request by Freedom's Path is expressly contemplated by the FHA, which provides:

> (c) Relief which may be granted.
> (1) In a civil action under subsection (a), if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d), may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).
> (2) In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person.

42 U.S.C. § 3613(c).

Freedom's Path seeks both legal relief, in the form of monetary damages related to the

5

housing project, and equitable relief in the form of declaratory and injunctive relief. (Doc. No. 6 at PageID 60.) It cannot be said that Freedom's Path's monetary damages are incidental to its equitable relief because it appears the main goal of the relief it seeks is to obtain compensation for the monetary damages it incurred by not receiving the public funding for the housing project, resulting in its inability to proceed with the project. Moreover, as stated above, the damages remedy under the FHA is a legal remedy that entitles Freedom's Path to a jury trial. Finally, the Court will make the determination on the equitable relief in accordance with the jury verdict.

Therefore, the Court finds that Freedom's Path has not consented to the withdrawal of the jury demand under Rule 38(d) and there is a federal right to a jury trial under Rule 39(a)(2).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Dayton Metropolitan Housing Authority's Motion for Non-Jury Trial (Doc. No. 120).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 24, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE