UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAYTON VETERANS RESIDENCES LIMITED PARTNERSHIP, d/b/a FREEDOM'S PATH AT DAYTON, | : : : : | Case No. 3:16-cv-466 |
| Plaintiff, | : : | Judge Thomas M. Rose |
| v. | : : | |
| DAYTON METROPOLITAN HOUSING AUTHORITY, | : : : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DAYTON METROPOLITAN HOUSING AUTORITY'S SUPPLEMENTAL MOTION IN LIMINE TO LIMIT TRIAL TESTIMONY AND EXCLUDE PLAINTIFF'S TRIAL MATERIALS PURSUANT TO THE LAW OF THE CASE (DOC. NO. 117)**

---

Before the Court is Defendant Dayton Metropolitan Housing Authority's Supplemental Motion in Limine to Limit Trial Testimony and Exclude Plaintiff's Trial Materials Pursuant to the Law of the Case ("Motion"). (Doc. No. 117.) Dayton Metropolitan Housing Authority ("DMHA") argues that the law of this case mandates that the scope of witnesses' testimony be limited to events and circumstances occurring prior to September 2, 2016. (Doc. No. 117 at PageID 2927.) For the reasons explained below, the Court **DENIES** the Motion.

**I.      BACKGROUND**

This case involves Dayton Veterans Residences Limited Partnership, d/b/a Freedom's Path's ("Freedom's Path's") efforts to create affordable housing for homeless veterans on the

1

Veteran's Administration Medical Campus ("VAMC") in Dayton, Ohio.[1] (Doc. No. 65 at PageID 2106.) Freedom's Path sought the assistance of DMHA in obtaining project-based housing vouchers for its housing project. Freedom's Path alleges that DMHA reneged on a 2013 commitment of 33 housing vouchers for the project.

In December of 2015, Craig Taylor, of Freedom's Path, and Jennifer Heapy, of DMHA, engaged in correspondence regarding DMHA's Administrative Plan, which governs how it may award housing vouchers. (Doc. No. 65 at PageID 2111-14.) The goal of these communications, from Freedom's Path side, was to ensure the commitment of the 33 previously promised housing vouchers and to get DMHA to apply for Veterans Affairs Supportive Housing ("VASH") vouchers on Freedom's Path's behalf. (*Id*.) DMHA stated that, under its Administrative Plan, it could not grant the 33 housing vouchers or apply for the VASH vouchers for Freedom's Path. (*Id*.) On September 2, 2016, after several months of continued communications between the parties, Freedom's Path made a final formal request for a reasonable accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, or the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, in order to obtain the needed vouchers. (*Id*. at PageID 2120.) On September 7, 2016, DMHA denied the request. (*Id*. at PageID 2121.) The deadline to apply for the VASH vouchers passed on September 9, 2016, without DMHA applying for any VASH vouchers on Freedom's Path's behalf. (*Id*. at PageID 2122.) DMHA ultimately amended its Administrative Plan, with the approval of the Department of Housing and Urban Development, in April of 2017. (*Id*. at PageID 2122-23.) Freedom's Path alleges that DMHA failed to provide a reasonable accommodation in response to these communications.

On April 25, 2022, DMHA filed the Motion. (Doc. No. 117.) Freedom's Path filed its

---

[1] For a complete recitation of the facts of this case prior orders in this case ably describe the evidence in this case. (*See* Doc. No. 65 at PageID 2106-24.)

response on May 10, 2022.  (Doc. No. 125.)  DMHA filed its reply on May 17, 2022.  (Doc. No. 129.)  The Motion is fully briefed and ripe for review and decision.

## II. STANDARD OF REVIEW

District courts adjudicate motions in limine under their "inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).  Courts should exclude evidence pursuant to a motion in limine "only when evidence is clearly inadmissible on all potential grounds."  *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (citation omitted).  The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise."  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  "'[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.'"  *Enoch v. Hamilton Cnty. Sheriff*, No. 1:16-cv-661, 2022 U.S. Dist. LEXIS 36884, at 8 (S.D. Ohio Mar. 2, 2022) (quoting *Owner-Operator Indep. Drivers Ass'n v. Comerica Bank*, No. 05-cv-0056, 2011 U.S. Dist. LEXIS 113662, at *3, 2011 WL 4625359 (S.D. Ohio Oct. 3, 2011)).  Denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial.  *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. ANALYSIS

DMHA argues that the Court should limit the scope of "testimony to events and circumstances occurring prior to September 2, 2016" because any additionally dialogue between the parties after this date is irrelevant to whether DMHA failed to provide Freedom's Path a reasonable accommodation.  (Doc. No. 117 at PageID 2927.)  Confusingly, DMHA also argues that the Court should "limit liability and/or fact witness testimony to events and circumstances occurring prior to September 7, 2016."  (*Id*. at PageID 2925.)  DMHA argues the Court should observe the "law of the case doctrine" in adopting this position because, in the motion for summary

judgment ruling, the Court explained the law in this case as follows:

> In the Court's view, there is a genuine issue of material fact as to whether the communications that took place in December of 2015 between Taylor and Heapy were sufficient to put Greater Dayton Premier Management on notice that Freedom's Path was requesting an accommodation under the ADA or the FHA, or whether the need for such accommodation under those statues was obvious.

(*Id*. at PageID 2928 (citing Doc. No. 65 at PageID 2158).)  DMHA further argues that the Court framed the scope of relevant facts as follows:

> To the extent that Taylor's December 15, 2016, email message, and related telephone conversations, can be deemed a request for reasonable accommodation, a reasonable jury could find that Greater Dayton Premier Management violated the ADA and the FHA in denying that request. Greater Dayton Premier Management maintains that it did not deny Freedom's Path's request; it did, in fact, make the requested amendment to its Administrative Plan. The problem is that Greater Dayton Premier Management did not draft the amendment until July of 2016, after the Notice of Funding Availability was issued, and did not obtain Board approval until weeks after the September 9, 2016, deadline for submitting applications for VASH vouchers. The amendment was not approved by HUD until April of 2017. By that time, the amendment was useless to Freedom's Path. In that respect, Greater Dayton Premier Management's alleged failure to take timely action to amend its Administrative Plan had the same effect as an outright denial.

(*Id*. at PageID 2928-29 (citing Doc. No. 65 at PageID 2154-55 (citations omitted).)

Based on this rationale, DMHA further argues that Exhibit 11, a September 9, 2016 email from Freedom's Path's Don Paxton to DMHA's Jennifer Heapy regarding a last attempt to obtain the VASH vouchers, and Exhibit 44, Freedom's Path's September 16, 2016 Change for Proposal to the Ohio Housing Finance Authority, are also irrelevant because they were created after the September 2, 2016 date.  (Doc. No. 117 at PageID 2929-30.) DMHA also argues that both exhibits are substantially more prejudicial than probative.  (*Id*. at PageID 2930-31.)  Specifically, DMHA argues Exhibit 11 is needlessly cumulative and Exhibit 44 is prejudicial because it presents statistical data regarding the percentage of its target demographic who were disabled as it may mislead the jury into believing that Freedom's Path provided the included data to DMHA.  (*Id*. at

4

PageID 2930-31.)

In response, Freedom's Path argues that the relevant time frame extends through April 17, 2017 because the Court stated that "from 2013 through April 17, 2017, [DMHA's] Administrative Plan provided that project-based voucher proposals would be selected only via a Request-for-Proposals initiated by [DMHA]." (Doc. No. 125 at PageID 3015-16 (citing *Freedom's Path at Dayton v. Dayton Metropolitan Housing Authority*, No. 3:16-cv-466, 2019 U.S. Dist. LEXIS 49688, at *57, 2019 WL 1331311 (S.D. Ohio Mar. 25, 2019).) Moreover, Freedom's Path points out that the requested amendment to DMHA's Administrative Plan was adopted in April of 2017. (*Id*. (citing *Freedom's Path*, 2019 U.S. Dist. LEXIS 49688, at *58).) Freedom's Path further argues that Exhibit 11 and Exhibit 44 demonstrate its efforts to mitigate its damages. (Doc. No. 125 at PageID 3017-18.)

In reply, DMHA argues that testimony after September 2, 2016 should be excluded because showing that DMHA amended its Administrative Plan is an improper attempt show a subsequent remedial measure in violation of Rule 407. (Doc. No. 129 at PageID 3242.) It further argues that Exhibit 44 should be excluded because it includes double hearsay. (*Id*. at PageID 3243.) DMHA finally argues that Freedom's Path's attempt to include testimony and documents related to mitigation should be excluded on the liability issue. (*Id*. at PageID 3244.)

### A. Law of the Case Doctrine

The law of the case doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). "[L]aw-of-the-case is designed to 'prevent[ ] the relitigation of an issue once there has been a judgment on the merits.'" *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 339 (6th Cir. 2016) (quoting *Bowles v. Russell*, 432 F.3d 668, 676

5

(6th Cir. 2005)). Its purpose "'is to ensure that the same issue presented a second time in the same case in the same court should lead to the *same result*.'" *Id*. (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015)) (emphasis in original).

It is not entirely clear why DMHA elected either September 2, 2016 or September 7, 2016 as the point at which it felt this Court should erect a barricade with the disclaimer that none shall pass. Indeed, September 7, 2016 is entirely unsupported in the Motion. The September 2, 2016 date appears to be based on the Court's reasoning that "if the September 2, 2016, request was the only one at issue, no reasonable jury could find that the requested accommodation was reasonable." (Doc. No. 65 at PageID 2153.) While the ruling does prevent Freedom's Path from using the September, 2, 2016 communication as an actionable accommodation request to DMHA to amend its Administrative Plan in this case, the Court by no means held that any communication after that date was irrelevant. Indeed, since the parties disagree on whether scope of relevant testimony ends in September 2016 or April 2017, it is far wiser for this Court to defer judgment on the relevance of testimony discussing events after September 2, 2016 until it arises at trial. *Sperberg*, 519 F.2d at 712. This same rationale applies to Exhibit 11 and Exhibit 44, as DMHA's main objection appears to be that the documents were created after September 2, 2016. (Doc. No. 117 at PageID 2930-31.)

### B. Exclusion Under Rule 403

Even if evidence is relevant, it may be excluded "if its probative value is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, misleading the jury," or by considerations of "undue delay, waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is not excluded merely because it is damaging or prejudicial to a party; instead, it must be unfairly prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th

6

Cir. 1993). To warrant exclusion, any danger of unfair prejudice posed by the evidence must "*substantially* outweigh[]" its probative value. Fed. R. Evid. 403 (emphasis added). Rule 403 is not concerned with "the damage to [a party's] case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

DMHA argues that Exhibit 11 is needlessly cumulative because other witnesses will testify about its contents, namely Freedom's Path's description of its efforts to complete the housing project. (Doc. No. 117 at PageID 2930.) The mere fact that other witnesses will likely testify about the efforts taken by Freedom's Path to bring its project to fruition does not render the email, and its description of those efforts, needlessly cumulative. *See United States v. Love*, 254 F. App'x 511, 518-19 (6th Cir. 2007) ("[t]he fact that another piece of evidence speaking to an element of the offense has already been introduced does not render a later piece of evidence needlessly cumulative"). It is better that the Court refrain from ruling until it can evaluate the value and utility of the evidence in the context of trial. *Owner-Operator*, 2011 U.S. Dist. LEXIS 113662, at *3; *Enoch*, 2022 U.S. Dist. LEXIS 36884, at 8.

The Court further declines to exclude Exhibit 44 under Rule 403, at this time.[2] Again, to warrant exclusion, any danger of unfair prejudice posed by the evidence must "*substantially* outweigh[]" its probative value. Fed. R. Evid. 403 (emphasis added). The Sixth Circuit has found this requirement significant. *See Koloda v. Gen Motors Corp.*, 716 F.2d 373, 377 (6th Cir. 1983). It is not clear that the introduction of this document would meet that bar, in part, because DMHA

---

[2] The Court also declines to exclude the document on hearsay grounds because DMHA did not raise the argument until its reply. (Doc. No. 129 at PageID 3243.) Freedom's Path may have exceptions to hearsay that would render this document admissible; it would not be appropriate to exclude a document based on an argument raised for the first time in a reply brief. *Lusk v. Alsata Salimatu Lamin*, No. 2:22-cv-6064, 2022 U.S. Dist. LEXIS 56341, at *11, 2022 WL 912258 (S.D. Ohio Mar. 29, 2022) (citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002)).

7

could simply cross-examine a witness from Freedom's Path and clarify that Exhibit 44 was never provided to DMHA. The Court is better served by reserving judgment for trial. *Sperberg*, 519 F.2d at 712.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Dayton Metropolitan Housing Authority's Supplemental Motion in Limine to Limit Trial Testimony and Exclude Plaintiff's Trial Materials Pursuant to the Law of the Case (Doc. No. 117).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 26, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE