**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAYTON    VETERANS    RESIDENCES | : | |
| LIMITED       PARTNERSHIP,       d/b/a | : | |
| FREEDOM'S PATH AT DAYTON, | : | Case No. 3:16-cv-466 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| DAYTON    METROPOLITAN    HOUSING | : | |
| AUTHORITY | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S FIRST REQUESTS FOR JUDICIAL NOTICE (DOC. NO. 82)**
**AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND**
**REQUEST FOR JUDICIAL NOTICE (DOC. NO. 88)**

---

Before the Court is Plaintiff's First Requests for Judicial Notice ("First Notice") (Doc. No. 82) and Plaintiff's Second Request for Judicial Notice ("Second Notice") (Doc. No. 88).  For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Requests for Judicial Notice and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Second Request for Judicial Notice.

I.     **BACKGROUND**

This case involves Freedom's Path's efforts to create affordable housing for homeless veterans on the Veteran's Administration Medical Campus ("VAMC") in Dayton, Ohio.[1]  (Doc.

---

[1] For a complete recitation of the facts of this case prior orders in this case ably describe the evidence in this case. (*See, e.g.*, Doc. No. 65 at PageID 2106-24.)

No. 65 at PageID 2106.)  Freedom's Path sought the assistance of DMHA in obtaining project-based housing vouchers for its housing project.  Freedom's Path alleges that DMHA reneged on a 2013 commitment of 33 housing vouchers for the project.  Freedom's Path further alleges that DMHA denied requests for reasonable accommodation regarding the commitment of 33 vouchers, which was later changed to a request of 60 vouchers, despite knowing the housing project was intended for homeless veterans, many of whom are disabled.

Freedom's Path filed its First Notice on January 7, 2020 (Doc. No. 82) and its Second Notice on January 16, 2020 (Doc. No. 88).  DMHA filed its responses on January 16, 2022 (Doc. No. 92) and January 20, 2022 (Doc. No. 97).  Freedom's Path filed its replies on February 3, 2020. (Doc. No. 100; Doc. No. 101.)  The Notices are fully briefed and ripe for review and decision.

## II.    ANALYSIS

Freedom's Path's First Notice asks the Court to take judicial notice of six documents, specifically:

> Exhibit 3: Registration of Dayton Veteran Residences Limited Partnership, available at https://bizimage.ohiosos.gov/api/image/pdf/201610603040.
> Exhibit 15: 24 C.F.R. § 982.54 (Administrative Plan);
> Exhibit 16: 24 C.F.R. § 983.51 (Owner Proposal Selection Procedures);
> Exhibit 17: United States Department of Housing and Urban Development ("HUD") Notice of Funding Availability ("NOFA") dated July 1, 2016;
> Exhibit 33: HUD's 2016 Annual Homeless Assessment Report ("AHAR") to Congress, available at https://www.hudexchange.info/resources/documents/2016-AHAR-Part-1.pdf;
> Exhibit 34: HUD's 2017 Annual Homeless Assessment Report ("AHAR") to Congress, available at https://www.hudexchange.info/resources/documents/2017-AHAR-Part-1.pdf.

(Doc. No. 82 at PageID 2263-64.)  Freedom's Path's Second Notice seeks judicial notice of two additional documents, including:

> Exhibit 1: The McKinney-Vento Homeless Assistance Act, As amended by S. 896 The Homeless Emergency Assistance and Rapid Transition to Housing (HEARTH) Act of 2009, available at https://files.hudexchange.info/resources/documents/HomelessAssistanceActAmen

2

dedbyHEARTH.pdf.
Exhibit 2: HUD-VASH Eligibility Criteria, available at https://www.va.gov/homeless/hud-vash_eligibility.asp.

(Doc. No. 88 at PageID 2589-90.)  DMHA does not oppose the Court taking judicial notice of Exhibit 3 (Doc. No. 82-1), Exhibit 15 (Doc. No. 82-2), and Exhibit 16 (Doc. No. 82-3).  (Doc. No. 92 at PageID 2709.)  DMHA objects to the Court taking judicial notice of Exhibit 17 (Doc. No. 82-4), Exhibit 33 (Doc. No. 82-5), and Exhibit 34 (Doc. No. 82-6).  (Doc. No. 92 a PageID 2709.) DMHA further objects to the Court taking judicial notice of Exhibit 1 (Doc. No. 88-1) and Exhibit 2 (Doc. No. 88-2).  (Doc. No. 97 at PageID 2793-94.)

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  As a general matter, judicial notice is available only for "adjudicative facts," or the "facts of a the particular case," as opposed to "legislative facts," which are facts "which have relevance to legal reasoning . . ., whether in the formulation of a legal principle or ruling by a judge . . . or in the enactment of a legislative body."  Fed. R. Evid. 201 advisory committee's note (1972).

### A. Registration of Foreign Limited Partnership

Freedom's Path first asks the Court to take judicial notice of Exhibit 3 (Registration of Dayton Veteran Residences Limited Partnership).  (Doc. No. 82-1).  "[P]ublic records maintained by secretaries of state related to the organization of business entities are the type of records to which courts in this District often have afforded judicial notice."  *Morse v. Fifty West Brewing Co. LLC*, No. 1:21-cv-377, 2022 U.S. Dist. LEXIS 59384, at *6-7, 2022 WL 974342 (S.D. Ohio Mar. 31, 2022); *see also Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 U.S. Dist. LEXIS

3

4087, at *7, 2022 WL 92462 (S.D. Ohio Jan. 10, 2022) (taking judicial notice of information on the Ohio Secretary of State's website stating the proper defendant in the case was an Ohio corporation); *Amos v. Aetna Life Ins. Co.*, No. 2:19-cv-202, 2019 U.S. Dist. LEXIS 135260, n. 1, 2019 WL 3773770 (S.D. Ohio Aug. 12, 2019) ("[T]his Court takes judicial notice of Aetna's operations within this district as evidenced by a business records search of the Ohio Secretary of State's website ...."). Moreover, DMHA does not oppose Freedom's Path's request for judicial notice of this exhibit.

Therefore, the Court will take judicial notice of Exhibit 3 (Registration of Dayton Veteran Residences Limited Partnership). (Doc. No. 82-1.)

### B. Code of Federal Regulations Sections

Freedom's Path further asks the Court to take judicial notice of Exhibit 15, 24 C.F.R. § 982.54 (Administrative Plan), and Exhibit 16, 24 C.F.R. § 983.51 (Owner Proposal Selection Procedures). (Doc. No. 82-2; Doc. No. 82-3.) "Administrative regulations fall within the category of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (quoting Fed. R. Evid. 201(b)); *see also Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968) ("a Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority"). Moreover, DMHA does not oppose Freedom's Path's request for judicial notice of these exhibits.

Therefore, the Court will take judicial notice of Exhibit 15, 24 C.F.R. § 982.54 (Administrative Plan), and Exhibit 16, 24 C.F.R. § 983.51 (Owner Proposal Selection Procedures). (Doc. No. 82-2; Doc. No. 82-3.)

### C.  Notice of Funding Availability

Freedom's Path asks the Court to take judicial notice of Exhibit 17 (United States Department of Housing and Urban Development ("HUD") Notice of Funding Availability ("NOFA")).  (Doc. No. 82-4).  Exhibit 17 was published in the Federal Register on March 23, 2021.  (*Id*. at PageID 2276.)  The Court can properly take judicial notice of documents published in the federal register.  *Coupe v. Federal Express Corp.*, 121 F.3d 1022, n. 3 (6th Cir. 1997); *Spinosi v. United States*, No. 2:11-cv-961, 2011 U.S. Dist. LEXIS 152797 at \*12, 2011 WL 7144897 (S.D. Ohio Dec. 6, 2011).

Therefore, the Court will take judicial notice of Exhibit 17 (United States Department of Housing and Urban Development ("HUD") Notice of Funding Availability ("NOFA")).  (Doc. No. 82-4).

### D.  HUD Annual Homeless Assessment Report

Freedom's Path asks the Court to take judicial notice of Exhibit 33 (HUD's 2016 Annual Homeless Assessment Report ("AHAR")) and Exhibit 34 (HUD's 2017 AHAR).  (Doc. No. 82-5; Doc. No. 82-6.)  As a general matter, agency reports are typically susceptible to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018); *In re Obalon Therapeutics, Inc. Sec. Action*, No. 3:18-cv-352, 2019 U.S. Dist. LEXIS 165086, at \*14, 2019 WL 4729461 (S.D. Cal. Sep. 25, 2019).  The Court cannot, however, take judicial notice of the substantive facts contained therein when those facts are in dispute.  *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012); *KBC Asset Mgmt. N.V. v. Omnicare, Inc.*, 769 F.3d 455, 467 (6th Cir. 2014).  In this case, DMHA argues that the information contained in the reports are estimates and not "unquestionable facts pertaining to homelessness."  (Doc. No. 92 at PageID 2709.)

Moreover, both Freedom's Path and DMHA raise the issue of hearsay as to Exhibits 33 and Exhibit 34.  Freedom's Path initially argues, without explanation, that the exhibits are admissible under Rule 803(8), the public records exception.  (Doc. No. 82 at PageID 2265.) DMHA argues that the exhibits do not fall within the confines of Rule 803(8) because the reports are not the firsthand observations of public officials.  (Doc. No. 92 at PageID 2711.)  DMHA further argues that the exhibits are irrelevant and prejudicial under Rule 403 because they cover periods not at issue in this case.  (Doc. No. 92 at PageID 2711-12.)  In reply, Freedom's Path changes tack and argues that the exhibits are not being offered for the truth of the matter asserted. (Doc. No. 100 at PageID 2812-13.)

The relevant portion of Federal Rule of Evidence 803(8) provide that a document falls under the exception to hearsay governing public records if:

(A) it sets out:
    (i) the office's activities;
    (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
    (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

The Supreme Court has interpreted the "public records" exception to the hearsay rule to include both conclusions and opinions of public offices and agencies.  *Patterson v. Cent. Mills, Inc.*, 64 F. App'x 457, 462 (6 Cir. 2003) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988)). Courts in the Sixth Circuit have routinely admitted agency documents that "reflect[] the factual findings, conclusions, or evaluations of a public agency."  *Frye v. CSX Transp. Inc.*, No. 2:14-cv-11996, 2018 U.S. Dist. LEXIS 140213, at *3, 2018 WL 3968590 (E.D. Mich. Aug. 19, 2018) (finding an FDA medication guide admissible within the public records exception); *Musgrave v. Breg, Inc.*, No. 2:09-cv-1029, 2011 U.S. Dist. LEXIS 110650, at *17 (S.D. Ohio Sep. 28, 2011)

(finding an FDA bulletin admissible because it "set[] forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report").

The exhibits are assessment reports to Congress and provide "Key Findings" that summarize the numbers and categories of homeless individuals in the United States. (Doc. No. 85-5 at PageID 2289; Doc. No. 85-6 at PageID 2386.) The information contained in the exhibits are "matter[s] observed while under a legal duty to report," similar to FDA bulletins and guides. However, DMHA does dispute the trustworthiness of the data contained therein. (Doc. No. 92 at PageID 2711-12.) Moreover, Freedom's Path's shifting rationale as to the grounds for admissibility makes clear that the Court should resolve the admissibility of particular statements contained within the exhibit at trial. *See Enoch v. Hamilton Cnty. Sheriff*, No. 1:16-cv-661, 2022 U.S. Dist. LEXIS 36884, at 8 (S.D. Ohio Mar. 2, 2022) (quoting *Owner-Operator Indep. Drivers Ass'n v. Comerica Bank*, No. 05-cv-0056, 2011 U.S. Dist. LEXIS 113662, at *3, 2011 WL 4625359 (S.D. Ohio Oct. 3, 2011) ("'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'")).

Therefore, the Court will take judicial notice of the existence of Exhibit 33 and Exhibit 34, but will not take judicial notice of the facts contained therein. Any objections to the admissibility of Exhibit 33 and Exhibit 34 will be considered at trial.

### E.  The Homeless Emergency Assistance and Rapid Transition to Housing Act

Freedom's Path further asks the Court to take judicial notice of Exhibit 1 (The Homeless Emergency Assistance and Rapid Transition to Housing (HEARTH) Act of 2009). (Doc. No. 88-1.) Courts can, and often do, take judicial notice of federal statutes. *S. E. Overton Co. v. International Brotherhood of Teamsters*, 115 F. Supp. 764, 768 (W.D. Mich. 1953); *Salem v. Mich. State Univ.*, No. 1:19-cv-220, 2021 U.S. Dist. LEXIS 70805, at *30 n. 2, 2021 WL 1381149 (W.D.

Mich. Apr. 13, 2021).  Moreover, "[a] legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." *Toth*, 306 F.3d at 349.  The HEARTH Act appears to serve as additional context in this instance and not as governing law.

Therefore, the Court will take judicial notice of Exhibit 1 (The Homeless Emergency Assistance and Rapid Transition to Housing (HEARTH) Act of 2009).  (Doc. No. 88-1.)

### F.  HUD-VASH Eligibility Criteria

The Court will not take judicial notice of Exhibit 2 (HUD-VASH Eligibility Criteria) as attached to the Second Notice.  (Doc. No. 88-2.)  The Court generally can take "judicial notice of records and information located on government websites because they are self-authenticating under Federal Rule of Evidence 902." *Maxberry v. Univ. of Ky. Med. Ctr.*, 39 F. Supp. 3d 872, n. 5 (E.D. Ky. 2014).  However, in this instance, the eligibility criteria attached by Freedom's Path appears to be from February 19, 2019.  (Doc. No. 88-2 at PageID 2643.)  Freedom's Path does not state whether the criteria captured in Exhibit 2 is the same as it was in the period between 2013 and 2016 when they were attempting to apply for the VASH vouchers.  As the accuracy of the information included in the document is in question as to the relevant time period, the Court declines to take judicial notice of Exhibit 2 without further information from Freedom's Path.

### III.    <u>**CONCLUSION**</u>

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Requests for Judicial Notice (Doc. No. 82) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Second Request for Judicial Notice (Doc. No. 88).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, June 3, 2022.

s/Thomas M. Rose

_____
                THOMAS M. ROSE
        UNITED STATES DISTRICT JUDGE