UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Freedom's Path at Dayton,**

    *Plaintiffs,*

v.

**Dayton Metropolitan Housing Authority,**

    *Defendant.*

Case No. 3:16-cv-466
Judge Thomas M. Rose

---

**DECISION AND ENTRY GRANTING MOTION BY DEFENDANT DAYTON METROPOLITAN HOUSING AUTHORITY OF INTENT TO SUBMIT AFFIDAVIT AT TRIAL. DOC. 138. DEFENDANT MAY NOT UTILIZE GORDON BLACK'S EMAIL FOR THE TRUTH OF ANY MATTER ASSERTED THEREIN, BUT ONLY TO SHOW THAT HEAPY WAS RELYING ON BLACK'S ADVICE. PLAINTIFF MAY CROSS-EXAMINE BLACK TO DETERMINE WHETHER SUCH RELIANCE WAS REASONABLE.**

---

Pending before the Court is Motion by Defendant Dayton Metropolitan Housing Authority of Intent to Submit Affidavit at Trial. **(**Doc. 138.) Plaintiff has responded. (Doc. 145.) Defendant has replied. (Doc. 149.)

    **I.**    **STANDARD**

Courts have authority under Federal Rule of Evidence 103 and their inherent power to manage cases to make pretrial rulings admitting or excluding evidence. See Fed. R. Evid. 103(a), 103(c); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1983) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). "Motions *in limine* are

primarily intended to prevent unfair prejudice to the opposing party, usually arising from an irrelevant but compelling inference." Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5037 (1977). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial, both in order to avoid delay and to ensure an evenhanded and expeditious trial. See *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

## II. ANALYSIS

Defendant's proffered Exhibit II, pp. 1-9 contains correspondence between DMHA and the Ohio Department of Housing & Urban Development ("HUD"). Plaintiff moves the Court to exclude an email from Gordon Black. The Federal Rules of Evidence support the Defendant using Black's Affidavit to authenticate his email exchange with Heapy.

Federal Rule of Evidence 901 (a) deals with the requirement of authenticity. That Rule states: "The requirement of authentication or identification precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendant will be permitted to authenticate the email exchange between Jennifer Heapy and Gordon Black by testimony from Jennifer Heapy and the Affidavit of Gordon Black.

Defendant will not, however, be permitted to use the emails to prove the truth of any matter asserted in them. The emails will be admitted to show Heapy's impression of them, and the effect they had on Heapy. The probative value of the email exchange is not substantially outweighed by unfair prejudice to Plaintiff.

Plaintiff may submit other evidence to contravene Defendant's evidence. The Court will instruct the jurors that it is their decision whether the evidence is genuine. Consistent with the email not being admitted as an exception to hearsay, Defendant will not be allowed to offer it to prove the truth of the matter asserted. Jennifer Heapy can testify that Gordon Black was DMHA's main contact at HUD as the HCV Specialist. She can also testify that she reached out to Gordon Black and state her impression as to whether she was correct in taking the position she took in response to DVR's request for a Letter of Intent. The emails are evidence she wrote to HUD about the issue and HUD responded. In that regard, the emails are not hearsay. For these reasons, it is not necessary for Plaintiff to cross-examine Gordon Black on what he knew or did not know before writing the email. DVR can cross-examine Jennifer Heavy as to what information she provided to Gordon Black.

Plaintiff can cross-examine Heapy as to know anything about Black or his qualifications, about whether Black is a lawyer, or has legal training of any sort, or even how long he had worked at HUD. Plaintiff can examine Heapy as to whether Heapy told Black that Plaintiff's enhanced use lease was competitive pursuant to a Request for Proposals. Plaintiff may also inquire whether Black's alleged email was responsive to the true facts in this case.

For these reasons, Motion by Defendant Dayton Metropolitan Housing Authority of Intent to Submit Affidavit at Trial, Doc. 138, is **DENIED**.

**DONE** and **ORDERED** this Monday, June 13, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE