## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**Freedom's Path at Dayton,**

      *Plaintiffs,*

v.

**Dayton Metropolitan Housing Authority,**

      *Defendant.*

Case No. 3:16-cv-466

Judge Thomas M. Rose

---

**DECISION AND ENTRY DENYING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF DAYTON VETERANS RESIDENCES LIMITED PARTNERSHIP D/B/A FREEDOM'S PATH AT DAYTON FROM PRESENTING DEVELOPER FEES AS DAMAGES. DOC. 146.**

---

Pending before the Court is Defendant's Motion *in Limine* to Preclude Plaintiff Dayton Veterans Residences Limited Partnership d/b/a Freedom's Path at Dayton from Presenting Developer Fees as Damages. (Doc. 146.) Plaintiff has responded. (Doc. 148.) Defendant has replied. (Doc. 151.) Argument was heard on the record on June 10, 2022, prior to trial June 13, 2022.

### I.    STANDARD

Federal Rule of Civil Procedure 17(a)(1) states that an action must be prosecuted in the name of the real party in interest. Further, Rule 17(a)(3) states "The Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action . . ."

## II.     ANALYSIS

Defendant contends that Communities for Veterans LLC is the real party in interest with respect to developer fees. For this reason, Defendant asserts Dayton Veteran Residences LP should not be permitted to collect developer fees that were paid or will be paid to a separate entity that is not a party to this lawsuit. Plaintiff counters that developer's fee in this case would have been paid directly to the Plaintiff at closing and, absent an agreement with the subsidiary to the contrary, Plaintiff could have kept the fee or paid it to its subsidiary. Plaintiff further asserts there was no obligation to pay any portion of the developer's fee to any other entity.

If Plaintiff's assertions are proven at trial, it would suffice to show damages to which it would be entitled in the event that Defendant is found liable for discrimination. At trial Plaintiff must prove that Freedom's Path would have received and retained that developer's fee. Defendant is entitled to present evidence that this was not the case. For this reason, Defendant's Motion *in Limine* to Preclude Plaintiff Dayton Veterans Residences Limited Partnership d/b/a Freedom's Path at Dayton from Presenting Developer Fees as Damages, Doc. 146, is **DENIED**.

**DONE** and **ORDERED** this Monday, June 13, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE