UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAYTON VETERANS RESIDENCES LIMITED PARTNERSHIP, d/b/a FREEDOM'S PATH AT DAYTON, | : : : : | Case No. 3:16-cv-466 |
| Plaintiff, | : : | Judge Thomas M. Rose |
| v. | : : | |
| DAYTON METROPOLITAN HOUSING AUTHORITY, | : : : | |
| Defendant. | : : | |

---

**ENTRY AND ORDER DENYING DAYTON METROPOLITAN HOUSING AUTHORITY'S MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. NO. 167)**

---

Before the Court is Dayton Metropolitan Housing Authority's Motion for Award of Attorney's Fees ("Motion"). (Doc. No. 167.) Dayton Metropolitan Housing Authority ("DMHA") seeks $250,000 in attorney's fees for the allegedly frivolous theories Dayton Veterans Residences Limited Partnership, d/b/a Freedom's Path ("Freedom's Path") pursued throughout the course of this litigation, Freedom's Path's failure to reasonably engage in settlement negotiations, and Freedom's Path's ulterior motives for pursuing this litigation.  For the reasons explained below, the Court **DENIES** the Motion.

**I.    BACKGROUND**

This case involved Freedom's Path's efforts to create affordable housing for homeless

1

veterans on the Veteran's Administration Medical Campus ("VAMC") in Dayton, Ohio.[1] (Doc. No. 65 at PageID 2106.) Freedom's Path sought the assistance of DMHA in obtaining project-based housing vouchers for its housing project. Freedom's Path alleged that DMHA reneged on a 2013 commitment of 33 housing vouchers for the project. Freedom's Path further alleged that DMHA denied requests for reasonable accommodation regarding the commitment of 33 vouchers, which was later changed to a request of 60 vouchers, despite knowing the housing project was intended for homeless veterans, many of whom are disabled.

Freedom's Path's Amended Complaint alleged two claims: one claim under the Americans with Disabilities Act and one claim under the Fair Housing Act. (Doc. No. 6 at PageID 59-60.) At the summary judgment phase, the Court dismissed Freedom's Path's claims to the extent they alleged intentional discrimination and disparate impact. (Doc. No. 65 at PageID 2145, 2147.) The Court subsequently reconsidered the order and dismissed Freedom's Path's remaining reasonable accommodation theory. (Doc. No. 109.) The Sixth Circuit Court of Appeals reversed the reconsideration ruling, holding that "[a] reasonable jury could find that but for GDPM's denial of Freedom's Path's proposed accommodation, disabled veterans would have an opportunity to live in the Dayton community more equal to the opportunity of nondisabled persons." *Dayton Veterans Residences Ltd. P'Ship v. Dayton Metro. Hous. Auth.*, No. 21-3090, 2021 U.S. App. LEXIS 34511, at *22, 2021 WL 5411220 (6th Cir. Nov. 19, 2021). After a trial lasting six days, the jury returned with a verdict for the DMHA on June 21, 2022. (Doc. No. 164.) This Court entered judgment on June 27, 2022. (Doc. No. 166.)

On July 11, 2022, DMHA filed the present Motion. (Doc. No. 167.) On July 25, 2022, Freedom's Path filed its opposition. (Doc. No. 176.) DMHA filed its reply on August 1, 2022.

---

[1] For a complete recitation of the facts of this case, prior orders in this case ably describe the evidence and allegations. (*See, e.g.*, Doc. No. 65 at PageID 2106-24.)

(Doc. No. 180.) The Motion is ripe for review and decision.

## II. ANALYSIS

DMHA argues that it is entitled to attorney's fees for three reasons. First, it argues that Freedom's Path failed to establish a *prima facie* case for intentional discrimination, resulting in its dismissal before trial. (Doc. No. 167 at PageID 3573.) Second, DMHA argues that it offered to settle the case, but Freedom's Path refused to decrease its settlement demand below $8 million. (*Id.*) Finally, DMHA argues that Freedom's Path's litigation was never truly about homeless veterans, but was motivated by its own financial interests. (*Id.*)

Freedom's Path argues in response that the proper consideration is whether its claims were frivolous, not the individual theories it explored in pursuit of those claims. (Doc. No. 176 at PageID 4636-38.) Freedom's Path further argues that even if two of its theories were frivolous, DMHA has failed to demonstrate what fees it incurred as result of defending against those theories. (*Id.* at PageID 4638-40.)

The relevant standard for assessing attorney's fees was announced by the Supreme Court in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). In *Christiansburg*, the Court explained, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. In assessing whether attorney's fees are appropriate, the court may consider three factors, including: "'(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial. . . .'" *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 591 (6th Cir. 2013) (quoting *Balmer v. HCA, Inc.*, 423 F.3d 606, 615-16 (6th Cir. 2005)).

The Supreme Court's guidance on attorney's fees provides that, "in applying these criteria,

3

it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22; *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005).  The Sixth Circuit and other districts courts have noted that awarding "fees against a losing plaintiff in a civil rights action 'is an extreme sanction.'" *E.E.O.C. v. HP Pelzer*, No. 1:17-cv-31, 2020 U.S. Dist. LEXIS 35622, at *4 (E.D. Tenn. Jan. 9, 2020) (quoting *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001)).  This is because "it reduces the 'chilling effect on a plaintiff who seeks to enforce his/her civil rights.'" *HP Pelzer*, 2020 U.S. Dist. LEXIS 35622, at *4 (quoting *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 433 (6th Cir. 2017)).

      **A. <u>Freedom's Path's Claims and Theories</u>**

The main contention in this briefing has revolved around whether the Court should evaluate whether Freedom's Path's *claims* were frivolous or whether the individual *theories* explored in pursuit of those claims were frivolous.  The Sixth Circuit, in *Peoplemark*, answered this question.  In that case the court made clear: "[w]e are not focused on the Commission's *theory* of the case, but rather, whether the *claim* was frivolous. . . ."  *Peoplemark*, 732 F.3d at 592 (emphasis in original).  Furthermore, the Sixth Circuit has held that it is unnecessary for a court determining a fee request to "parse each and every allegation."  *Utica Cmty. Sch. v. Alef*, 710 F. App'x 673, 675 (6th Cir. 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed. 24 40 (1983)).

In this case, Freedom's Path's intentional discrimination and disparate impact theories were dismissed prior to trial during the motion for summary judgment phase.  (Doc. No. 65.)  However, the Sixth Circuit held that there were questions sufficient to warrant a trial on whether DMHA should have provided Freedom's Path an accommodation to place disabled veterans on an

4

equal footing with non-disabled persons in the Dayton community. *Dayton Veterans Residences Ltd. P'Ship*, 2021 U.S. App. LEXIS 34511, at *27-28.

While Freedom's Path could not proceed on two of its *theories*, the *claims* were sufficient to proceed to trial. A case with sufficient substance to warrant a jury trial is not frivolous, unreasonable, or without foundation. *HP Pelzer Auto. Sys.*, 2020 U.S. Dist. LEXIS 35622, at *6. Therefore, the Court finds that Freedom's Path's claims were not frivolous.

### B. Freedom's Path's Settlement Demand

DMHA further argues that Freedom's Path was unreasonable during settlement negotiations because it never reduced its demand from $8 million. (Doc. No. 167 at PageID 3573.) Prior to trial, DMHA filed its Motion in Limine to Limit Plaintiff's Presentation of Damages ("Motion in Limine"). (Doc. No. 84.) In its Order granting the Motion in Limine the Court prevented Freedom's Path from presenting speculative damages related to the costs of a new development site and damages related to tax credits and grants that would never have belonged to Freedom's Path. (Doc. No. 133.) The Court noted in that order that Freedom's Path would be entitled to developer's fees and actual damages. (*Id*. at PageID 3291-92.) The developer's fee was approximately $1,507,333. (*Id*. at PageID 3291.) Freedom's Path ultimately elected not pursue actual damages during the course of the trial.

The Court cannot conclude that Freedom's Path's settlement demand was unreasonable at the time of trial. *See Lewis v. JDR*, No. C-3-94-09, 1998 U.S. Dist. LEXIS 5086, at *13 (S.D. Ohio Mar. 24, 1998). Prior to this Court's order on the Motion in Limine, Freedom's Path was pursuing approximately $22 million in damages related to its project. (Doc. No. 133 at PageID 3285-86.) Thus, an $8 million dollar demand was $14 million less than what it expected to seek at trial. A 64% reduction in demand cannot be deemed to be unreasonable.

It is true, as DMHA points out, that plaintiffs should not be encouraged to stick stubbornly

5

to large dollar amounts in an effort to force large settlements.  It is equally true that plaintiffs should not be forced to take lesser settlements out of fear of both losing their case and being forced to pay a substantial bill for their opponent's attorney's fees.  In this case, DMHA made a $50,000 settlement offer on June 13, 2022, the first day of the trial.  (Doc. No. 167 at PageID 3573.)  Even with Freedom's Path's diminished potential recovery, there is a vast gulf between a $50,000 offer and a $1.5 million potential recovery, especially when this offer is made on the very day of trial.  While DMHA should receive some credit for attempting to settle, the triviality and timing of its trial day offer lends minimal weight to this consideration.

### C. Freedom's Path's Motivations

Finally, DMHA argues that Freedom's Path's litigation was never truly about homeless veterans, but was motivated by its own financial interests. (Doc. No. 167 at PageID 3573.)  DMHA essentially asks this Court to arbitrarily decide that a party's financial motives were not what they purported them to be during the litigation.  This argument is meritless and unsupported.  While evidence was presented showing the organizational structure of Freedom's Path, the Court will not attempt to engaged in the wasteful type of divination DMHA seeks by trying to determine how Freedom's Path would have spent a damages award.  Nor does this argument negate the fact that Freedom's Path claims were meritorious enough to warrant a jury trial.  *Dayton Veterans Residences Ltd. P'Ship*, 2021 U.S. App. LEXIS 34511, at *27-28.

### III.     CONCLUSION

For the reasons stated above, the Court **DENIES** Dayton Metropolitan Housing Authority's Motion for Award of Attorney's Fees (Doc. No. 167).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, October 6, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
